UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ISMAEL LOPEZ, § § | |
| Plaintiff, § § | |
| v. § | EP-14-CV-00362-DCG |
| § | |
| DELTA POWER EQUIPMENT CORP., § and DELTA MACHINE CO., INC., § § | |
| Defendants. § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Presently before the Court is Defendant Delta Power Equipment Corporation's ("Defendant") Motion for Summary Judgment ("Motion") (ECF No. 11), filed on April 17, 2015. As of the date of this Order, Plaintiff Ismael Lopez ("Plaintiff") has not filed a response to Defendant's Motion.[1] After careful consideration of the Motion and the applicable law, the Court enters the following order.

### I. BACKGROUND

Plaintiff filed an Original Petition in the 171st District Court in El Paso County, Texas, on July 11, 2014. *See* Notice of Removal, Ex. 4 at 5.[2] In it, Plaintiff alleges that on or about August 23, 2012, Plaintiff severed his left middle and index fingers while attempting to saw wood with a table power saw (the "subject power saw") manufactured and put in the stream of commerce by

---

[1] Plaintiff had until May 4, 2015, to file a response to Defendant's Motion. *See* Local Court Rule CV–7(e)(2); Fed. R. Civ. P. 6(d). Accordingly, the Court considers Defendant's Motion as unopposed. *See* Local Court Rule CV–7(e)(2).

[2] The Court cites to the ECF pagination throughout this Order rather than the pagination in Defendant's exhibits.

Defendants.³ *See id.*, Ex. 4 at 6. Plaintiff pleads two causes of action under Texas law arising from this incident: strict products liability and negligence. *See id.*, Ex. 4 at 6–7. On September 26, 2014, Defendant removed Plaintiff's action to this Court pursuant to 28 U.S.C. Sections 1332 and 1446.⁴ Defendant filed the instant Motion on April 17, 2015.

## II. LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of fact exists when evidence is sufficient for a reasonable jury to return a verdict for the non–moving party, and a fact is material if it might affect the outcome of the suit." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (citation and internal quotation marks omitted). "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *EEOC v. LHC Group, Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party meets this initial burden, "the onus shifts to 'the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex Corp.*, 477 U.S. at 324). The Court

---

³ Plaintiff names Defendant and Delta Machine Co., Inc. ("Delta Machine") as defendants in this lawsuit. Plaintiff, however, never effected service on Delta Machine, which appears to be a non–existent entity. *See* Notice of Removal 2. The Court therefore dismisses Plaintiff's claims against Delta Machine without prejudice for failure to effect service. *See Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 196 n.13 (S.D. Tex. 2007) (citing *Nagle v. Lee*, 807 F.2d 435, 438 (5th Cir. 1987)), *aff'd*, 269 F. App'x 523 (5th Cir. 2008) (*per curiam*).

⁴ Plaintiff did not challenge the timeliness of Defendant's removal within the time provided in 28 U.S.C. § 1447(c).

must draw all reasonable inferences in favor of the nonmoving party. *Id.* (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).

### III. DISCUSSION

Defendant moves for summary judgment because it "did not design, manufacture, market or sell the subject [power saw]." Mot. 1. Indeed, Defendant avers that it did not come into existence until December 2010, more than nine years after the manufacturing date of the subject power saw. *See id.* Because this is a diversity action, the Court must look to Texas law governing Plaintiff's causes of action. *See Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 436 (5th Cir. 2014) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). To prove Defendant's liability under Texas law, Plaintiff must show that Defendant's actions or omissions caused his injuries.[5] Here, there is no genuine issue of material fact regarding this element of Plaintiff's causes of action, and Defendant is entitled to judgment as a matter of law.

#### A. *Plaintiff's Causes of Action*

"In Texas, a plaintiff can predicate a products liability action on one or more of at least three theories of recovery: (1) strict liability under Restatement (Second) of Torts § 402A, (2) breach of warranty under the [Uniform Commercial Code], and (3) negligence." *Syrie v. Knoll Intern.*, 748 F.2d 304, 306 (5th Cir. 1984) (quoting *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 423 (Tex. 1984)); *accord Romo v. Ford Motor Co.*, 798 F. Supp. 2d 798, 805 (S.D. Tex. 2011). Plaintiff has opted to sue under the first and third of these theories: strict liability and negligence. *See* Notice of Removal, Ex. 4 at 6–7. To prove his allegations under a strict liability

---

[5] Technically, strict liability requires a showing of producing cause and negligence requires a showing of proximate cause, but the distinction between the two is not significant here. *See Flock v. Scripto-Tokai Corp.*, 319 F.3d 231, 238 (5th Cir. 2003) (noting that, in Texas, a showing of producing cause is necessary for recovery in a products liability case); *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798–99 (Tex. 2003) (noting that establishing a negligence cause of action includes showing damages proximately caused by the breach of duty).

theory, Plaintiff must show that: (1) the subject power saw was defective; (2) the defect rendered the subject power saw unreasonably dangerous; (3) the subject power saw reached Plaintiff, as the ultimate consumer, without substantial change in its condition from the time of the original sale; and (4) the subject power saw was the producing cause of Plaintiff's injuries. *See McLennan v. Am. Eurocopter Corp., Inc.*, 245 F.3d 403, 427 (5th Cir. 2001) (citing *Syrie*, 748 F.2d at 306); *Davis v. Conveyor–Matic Inc.*, 139 S.W.3d 423, 429 (Tex. App.—Fort Worth 2004, no pet.) (citing Restatement (Second) of Torts § 402A (1965); *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 613 (Tex. 1996)). "To incur liability [under this theory], a defendant does not have to actually sell the product; introducing the product into channels of commerce is enough." *Firestone Steel Prods. Co.*, 927 S.W.2d at 613.

"While strict liability focuses on the condition of the product, 'negligence looks at the acts of the manufacturer and determines if it exercised ordinary care in design and production.'" *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 437 (Tex. 1997) (quoting *Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 384 (Tex. 1995)); *accord Romo*, 798 F. Supp. 2d at 807. However, a necessary element of both causes of action—one Defendant argues Plaintiff cannot prove—is that Defendant's acts or omissions caused Plaintiff's injuries. *See Romo*, 798 F. Supp. 2d at 807 (citing *Brown v. Edwards Transfer Co., Inc.*, 764 S.W.2d 220, 223 (Tex. 1988)); *Kallassy v. Cirrus Design Corp.*, No. CIV. A. 3:04–CV–0727N, 2006 WL 1489248, at *5 (N.D. Tex. May 30, 2006) ("Under either negligence or strict liability theories, plaintiffs are required to prove causation." (citing *Horak v. Pullman, Inc.*, 764 F.2d 1092, 1095 (5th Cir. 1985))), *aff'd*, 265 F. App'x 165 (5th Cir. 2008).

### B. *Undisputed Facts*[6]

Defendant did not design, manufacture, market, or sell the subject power saw. Mot., Ex. 1 ¶ 2, Ex. 2 at 5. Defendant was incorporated on December 16, 2010 in the state of South Carolina. *Id.*, Ex. 1 ¶ 8, Ex. 2 at 4–9. The subject power saw, however, was manufactured in May 2001 by Delta International Machinery Corp. ("Delta International"). *Id.*, Ex. 1 ¶¶ 3–4, Ex. 2 at 4–5. Delta International is a Minnesota corporation and a subsidiary of Black & Decker, Inc. *Id.*, Ex. 1 ¶ 5, Ex. 2 at 5. When the subject power saw was manufactured, Delta International was a wholly-owned subsidiary of Pentair Tool & Equipment Group in Jackson, Tennessee. *Id.*, Ex. 1 ¶ 7, Ex. 2 at 5. Defendant has never acquired any other entity and it did not acquire Delta International. *Id.*, Ex. 1 ¶ 12, Ex. 2 at 6. Similarly, Defendant has never acquired or assumed liability related to products liability issues and/or personal injury claims for products sold prior to Defendant's incorporation. *Id.*, Ex. 1 ¶ 12, Ex. 2 at 6.

### C. *The Parties' Respective Burdens*

The Court finds that Defendant has met its burden, on a motion for summary judgment, of showing the absence of a genuine issue of material fact regarding a necessary element of Plaintiff's causes of action; namely, whether Defendant caused, proximately or otherwise, Plaintiff's injuries. *See LHC Group, Inc.*, 773 F.3d at 694 (stating that a party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact). Once the moving party meets this initial burden, "the onus shifts to 'the nonmoving party to . . . designate specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex Corp.*, 477 U.S. at 324). Plaintiff never responded to Defendant's Motion and has thus

---

[6] Pursuant to Federal Rule of Civil Procedure 56(e), the Court considers Defendant's proposed facts undisputed for purposes of the instant Motion. *See* Fed. R. Civ. P. 56(e)(2).

failed to meet its burden under Rule 56.[7] The Court therefore finds that Plaintiff cannot make the required showing against Defendant to support the causation element in either the negligence or strict liability causes of action. Defendant is thus entitled to judgment as a matter of law. *See, e.g., Kallassy*, 2006 WL 1489248, at *8 (granting summary judgment in negligence and strict products liability case where plaintiff could not prove causation); *Harris v. Nat'l Passenger R.R. Corp.*, 79 F. Supp. 2d 673, 676, 678 (E.D. Tex. 1999) (same), *aff'd sub nom. Harris v. S. Pac. Transp. Co.*, 234 F.3d 707 (5th Cir. 2000) (*per curiam*).

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant Delta Power Equipment Corporation's Motion for Summary Judgment (ECF No. 11) is **GRANTED**.

**IT IS ALSO ORDERED** that Plaintiff Ismael Lopez's claims against Defendant Delta Machine Co., Inc., are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** the Clerk of the Court shall **TERMINATE** all named Defendants in the above–captioned case.

**IT IS FURTHER ORDERED** that any and all pending motions are **DENIED** as **MOOT**.

**IT IS LASTLY ORDERED** that the Clerk of the Court **SHALL CLOSE** this case.

So ORDERED and SIGNED this 21st day of May, 2015.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

---

[7] Notably, Plaintiff joined in a motion for the entry of a confidentiality and protective order filed on May 14, 2015, while Defendant's Motion was pending. *See* Confidentiality and Protective Order 1, 11, ECF No. 13.